SIMS, executor, *vs.* HENDERSON.

When the note sued upon recites that it was given for land sold and conveyed, without specifying the quantity, the terms of the conveyance, or at least their substance, must appear in order to make a case in behalf of the defendant for the apportionment of the price on account of an alleged fraudulent deficiency in the quantity of land. The conveyance referred to in the note must be introduced in evidence if practicable, and if not, the non-production of the instrument must be accounted for, and its contents established by secondary evidence. In this case, the evidence was not full enough to warrant the charge of the court or the verdict, neither the deed nor its contents being before the jury.

Vendor and purchaser. Contracts. Evidence. New trial. Before Judge SPEER. Newton Superior Court. March Term, 1879.

Sims, as executor of Harris, brought complaint against Henderson on the following note :

"$1,500.00.

Due John Harris, or bearer, $1,500.00, value received, for land this day sold and conveyed by John Harris to John F. Henderson.

    (Signed)                    J. F. HENDERSON.
December 14, 1877."

Credits thereon amounting to $900.00.

The defendant pleaded, in. substance, that he had purchased the land referred to in the note from plaintiff's testator as containing one hundred and seventy acres, at $10.00 per acre. giving two notes therefor, one for $200.00 and the other for $1,500.00, that sued on ; that he had paid the first in full, and made the payment credited on the second ; that testator represented the land as being one hundred and seventy acres, and he purchased on the faith of such representation ; that he had subsequently discovered, by survey, that there were but one hundred and twenty-seven and one-half acres in the tract, that therefore he did not get by forty-two and one-half acres as much. land as he .paid for. Whereupon he asks an apportionment of the price, and that a credit of $425.00 be entered on the note.

The testimony showed clearly the deficiency in the amount of land which defendant claimed he had bought, and the main point of contest was as to whether testator had sold by the tract or by the acre. Upon this the evidence was conflicting ; also as to the representations of area alleged to have been made by testator. Neither the deed to defendant was introduced, its absence accounted for, nor its contents proven.

The jury, by their verdict, allowed the defendant the credit asked. The plaintiff moved for a new trial upon the following, among other grounds :

1. Because the court erred in charging the jury as follows : "If you believe that testator wilfully and fraudulently represented to the defendant that there were one hundred and seventy acres in said tract or body of land, and sold it to defendant as such, and he knew at the time that there were not one hundred and seventy acres, but a much less quantity, then you will be authorized to apportion the deficiency, if there be a deficiency proven, and credit the note sued on, if you believe it was given for this land, at its date, with the amount of said deficiency."

2. Because the court erred in charging as follows: "So

if, in the absence of proof of wilful misrepresentation by the testator as to the number of acres, you believe the land was sold for one hundred and seventy acres, and you find, under the evidence, that the deficiency was so gross as to justify the suspicion of wilful deception, or mistake amounting to fraud, in this court the deficiency is apportionable, and you can allow the amount of the deficiency as a credit on said note, and find only the balance due with interest."

3. Because the verdict was contrary to law, evidence, etc. The motion was overruled and plaintiff excepted.

CLARK & PACE, for plaintiff in error.

EMMETT WOMACK, for defendant.

BLECKLEY, Justice.

The note shows on its face that there was a conveyance. The complaint of the debtor, Henderson, is that he did not get as much land as he bought. As there was a conveyance, that is the highest and best evidence of what land was bought, and the description given of the premises in that instrument is too important not to receive attention in this controversy. It may be that the terms of the contract as reduced to writing in the deed will be found to correspond with the subsequent survey. The natural starting point of the whole investigation is to see what the deed says. There can be no proper trial of the case without putting the deed in evidence if practicable, or accounting duly for its non-production, and then proving its contents by secondary evidence. Until a showing is made to the contrary, the presumption is that the vendee has the deed and can produce it. In the absence of this instrument and of all evidence of its contents, there was not enough testimony before the jury to warrant the charge which the court gave on the subject of reducing the debt evidenced by the note, nor to justify the verdict which the jury rendered. The note and

the conveyance to which it refers ought to be brought together and looked at as related writings, and then there can be intelligent use made of the facts which rest in parol. There ought to be a new trial.

Judgment reversed.